IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01419-WYD-MEH

UN4 PRODUCTIONS, INC.,

     Plaintiff,

v.

JOHN DOES 1–23,

     Defendants.

---

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on June 27, 2017.**

John Doe's Motion Quash or Vacate Subpoena [filed June 23, 2017; ECF No. 13] is **denied without prejudice**.

First, from the content of the present motion, the Court infers that Defendant Doe seeks to proceed in this litigation anonymously. However, he or she has failed to properly seek permission from the Court to do so. *See K-Beech, Inc. v. Does 1-29*, 826 F. Supp. 2d 903, 905 (W.D.N.C. 2011) (noting that a party who wishes to proceed anonymously may overcome the presumption against anonymous proceedings by filing a well-reasoned motion to proceed anonymously); *see also West Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 12 (D.D.C. 2011) ("[F]ederal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment").

Therefore, if Doe wishes to re-file his or her motion in accordance with this order and all applicable local and federal court rules, he or she may do so **on or before July 7, 2017** and must first (or contemporaneously) file a motion to proceed anonymously in accordance with Rule 11(a). With such filing, Doe must provide to the Court his or her name, address, telephone number and email address in the form of a separate written "supplement" to the motion.[1] If Doe wishes to keep this supplement (containing his/her identifying information) confidential, he or she may file a motion to file the supplement under restriction pursuant to the procedure set forth in D.C. Colo. LCivR 7.2. The Court may strike any motion or other filing that deviates from the requirements of this order or from those set forth in the applicable local or federal rules.

Additionally, the Court notes that Doe failed to file with his or her motion a copy of the

---

[1]In addition to compliance with Rule 11, the Court also notes the necessity of having such information for the proper and efficient management of its docket.

challenged subpoena.  If Doe chooses to re-file his or her motion to quash, the Court instructs him or her to file a copy of the challenged subpoena with the motion.

Finally, pursuant to Federal Rule of Civil Procedure 7(b)(1)(B), a request for a court order must "state with particularity the grounds for seeking the order."  If Doe chooses to re-file his or her motion, he or she must explain why the Court should quash the subpoena.